IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY KELLY, )<br>            Petitioner )<br>)<br>   vs. )<br>)<br>PENNSYLVANIA BOARD OF )<br>PROBATION AND PAROLE; DISTRICT )<br>ATTORNEY OF THE COUNTY OF )<br>ALLEGHENY; PA STATE ATTORNEY )<br>GENERAL, )<br>            Respondents ) | Civil Action No. 07-281<br>Judge Joy Flowers Conti/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that habeas petition filed pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of appealability be denied.

REPORT

Tracy Kelly ("Petitioner") filed a habeas petition that involves two criminal cases. See, e.g., U.S.A. v. Kelly, No. 04-CR-262 (W.D. Pa.)(federal drug crimes committed in the vicinity of a school and committed while Petitioner was on parole from the following state sentence); Commonwealth v. Kelly, No. CP-02-CR-0007591-1993 (CCP Allegheny County)("1994 state sentence"). Petitioner is currently in state custody, serving backtime on the Pennsylvania 1994 state sentence, from which he was paroled. It was while he was on parole from this state sentence that he committed the federal drug crimes within the vicinity of a school. It is not quite clear what Petitioner is complaining about given Petitioner's less than pellucid explanation of his claims. At base, it appears that Petitioner is challenging the legality of the Pennsylvania Board

of Probation and Parole ("Board") lodging a detainer against him when he was arrested by federal authorities on the federal drug charge.

As to the first ground he raises, concerning the "activation" of the detainer, it does not appear that Petitioner alleges any violation of his federal rights, and therefore, this claim merits no relief. As to his second ground, his factual contentions that the detainer affected his receipt of federal Good Conduct Time ("GCT") credits is simply wrong as a matter of fact.

*Legal Standards*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA"), which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254, was effective April 24, 1996. Because Petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

A state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. §2254(a). Smith v. Phillips, 455 U.S. 209 (1982); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir. 1991). Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991). A federal court's scope of review is limited as it does not sit to retry state cases *de novo* but examines the proceedings in the state tribunal to determine if there has been a violation of federal constitutional standards. Barefoot v. Estelle, 463 U.S. 880 (1983), superceded by statute on other grounds as recognized in, Slack v. McDaniel, 529 U.S. 473 (2000).

Moreover, the Board is presumed to comply with the law. Garner v. Jones, 529 U.S. 244, 256 (2000) ("we presume the Board [of Pardons and Paroles of Georgia] follows its statutory

commands and internal policies in fulfilling its obligations."); United States v. Aviles, 623 F.2d 1192, 1198 (7th Cir. 1980) ("the presumption of regularity attends official acts of public officers and the courts presume that their official duties have been discharged properly."). Thus, the Board's actions are presumptively legal. Hence, it is the burden of the Petitioner to show otherwise.

*Factual and Procedural History*

Petitioner was convicted in the Allegheny County Court of Common Pleas of drug offenses. On September 28, 1994, the 1994 state sentence was imposed on him and he was sentenced to no less than seven and not more than twenty years on the drug convictions. The Board paroled him from the 1994 state sentence effective April 10, 2000. Dkt. [6-3] at 12. On August 13, 2004, while Petitioner was on parole from this 1994 state sentence, the Pennsylvania State Police filed a criminal complaint against him, alleging that he sold cocaine near a school. On August 18, 2004, Petitioner was arrested and lodged in the Allegheny County Jail.

On August 19, 2004, the Board issued a Warrant to Commit and Detain Petitioner. The state drug charges brought by the Pennsylvania State Police were dropped in favor of Petitioner being prosecuted by the federal authorities.

On November 9, 2004, Petitioner was arraigned before the undersigned, who granted the request of the United States to detain Petitioner. U.S.A. v. Kelly, No. 04-CR-262 (W.D. Pa. Dkt. [9]). On November 9, 2004, the Board again issued a decision indicating that Petitioner was to be detained pending disposition of criminal charges.

On July 19, 2005, Petitioner pleaded guilty to Counts One and Two of the federal indictment. Dkt. [6-3] at 30. On October 27, 2005, Judge Diamond sentenced Petitioner to twenty seven months imprisonment at each of Counts One and Two to run concurrently.

3

Petitioner was also sentenced to six years of supervised release at Count One and to twelve years of supervised release at Count Two, with both terms of supervised release to run concurrently.

On November 15, 2005, the Board issued a Decision ordering that Petitioner be recommitted as a convicted parole violator when available and that he serve 18 months of backtime on his 1994 state sentence.

After Petitioner had served some time in federal prison, the Federal Bureau of Prisons determined that Petitioner had satisfied his federal sentence as of October 26, 2006. The calculation of his sentence appears to have occurred as follows: Effective Date of Petitioner's 27 month sentence of incarceration was November 9, 2004 (the date whereon he was ordered to be detained by the undersigned in the custody of the United States Marshal) plus 27 months or 2 years and 3 months equal February 9, 2007 as the maximum sentence date. However, Petitioner was given a total of 106 days of GCT which resulted in his federal sentence ending on October 26, 2006 (calculated as follows: February 9, 2007 (i.e., maximum sentence without GCT) minus 106 days of GCT = October 26, 2006). Dkt. [6-3] at 22.

At some point (perhaps, January 23, 2007, see Dkt. [1] at 5), Petitioner was returned to the physical custody of the Board which, on April 16, 2007, issued a decision that recommitted Petitioner to serve 18 months of backtime as a convicted parole violator noting that Petitioner would be eligible for review of his parole/reparole status on or after April 2008. This date for review apparently was arrived at by adding 18 months to the constructive date of return to the Board's custody, i.e., October 26, 2006 (i.e., the date whereon his federal sentence of 27 months "maxed out") which would yield a result of May 26, 2008 but apparently giving the Board a month prior in which to conduct the review and allow time for the Board's procedures to make their determination as to whether he should be reparoled in May 2008). The April 16, 2007 Board decision informed Petitioner that if he wanted to appeal from the Board's decision

4

recommitting him as a convicted parole violator for 18 months of backtime, he had to do so within 30 days. Dkt. [6-3] at 44. Petitioner did not appeal.

In the meantime, Petitioner executed the current Section 2254 habeas petition on February 14, 2007. In that petition he raises the following issues:

> Ground One: Pa. Parole Bd illegally held Petitioner in their custody in violation of state and federal law and in [the] face of a new federal conviction. . . . . The Pennsylvania Board of Probation and Parole took jurisdiction of Petitioner who was arrested on new federal charges, while on parole. The Parole Bd lodge[d] a detainer on Petitioner while he was in Allegheny County Jail in Pittsburgh, Pa. The Respondents lodge[d] an [sic] detainer after the federal conviction took custody of petitioner in violation of laws governing respondants [sic] Pa. Purdon Statutes title 61 and Pa. Adm Code Title 37. [In explaining why he did not exhaust this claim in the state procedures, Petitioner stated] Petitioner was unaware of his rights to appeal this as he had a public defender and Respondants [sic] who were well aware they could not activate the parole detainer under [sic] the federal sentence was served. And Petitioner still face[s] illegal actions of Respondant who discharged him on Jan. 23, 2007.

Dkt. 1 at [5].

Petitioner also alleges that "Petitioner was appointed an [sic] Public Defender who conspired with Respondants [sic] who knew they were violating the law when they activated Respondants [sic] detainer in the face of clearly establish[ed] law that a federal sentence must be served first. . . ." [Dkt. [5] at 6]. Next, Petitioner asserts:

> Ground Two: Respondants [sic] illegally deprived Kelly of Federal Goodtime federal time by activating the parole detainer. . . . Respondants [sic] are governors of Parole rules and regulations and in face of clearly found establish[ed] state and federal law that prohibits the Penna Parole Bd. From activateing [sic] its detainer for a parole violation and which states all the parole Bd can do when a new federal sentence is to be served is lodge it[s] detainer. Respondants activating the detainer with given federal good time credit. . . .

Dkt. [5] at 7.

The Respondents filed an answer, Dkt. [6], with attached evidentiary materials. Petitioner did not file a traverse.

> ***Discussion***

5

As the Respondents note, it is not entirely clear what Petitioner is complaining about. In Ground One, he seems to be complaining about the Board "activating" its detainer. As the United States Supreme Court has explained, a detainer "is a request by the State's criminal justice agency that the [out of state] institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent." Fex v. Michigan, 507 U.S. 43, 44 (1993) The court is not clear what Petitioner means by the Board "activating" its detainer. If he means thereby that the Board could only lodge its detainer with the Federal Authorities and thereafter take no action until he had completely served his federal sentence, the Court is not persuaded. There is no federal law that states that the Board is divested of jurisdiction over a parolee's parole or his sentence while he is in the custody of another sovereign. While he is in the custody of the federal authorities serving his federal sentence, the federal authorities may have primary custody over him but that does not mean that the Board ceases to have any authority to act with respect to his state sentence. At the very least, Petitioner has not pointed to any federal law that provides for the Board to lose jurisdiction over the state sentence or that otherwise prohibits the Board from taking any actions with respect to the state sentence.

There is, however, a Pennsylvania state law which provides that a Pennsylvania parolee who is convicted of a federal (or another state) crime, while on Pennsylvania parole, and consequently, is required to serve a federal (or another state) sentence, must first serve the federal (or the other state) sentence before he can commence serving any backtime and it is this law that Petitioner explicitly invokes under Ground One. 61 P.S. § 331.21a(a) (this Pennsylvania statute directs the order in which backtime and sentences for crimes committed subsequent to being paroled are to be served and provides that "the service of the new term for the latter crime [i.e. the sentence for the crime committed while on parole] shall precede commencement of the balance of the term originally imposed [i.e., the backtime owed on the first sentence from which

the prisoner was paroled].")."). See also Alston v. Pennsylvania Bd. of Probation and Parole, 799 A.2d 875, 878 (Pa.Cmwlth. 2002)("Pugh, like Alston, was on parole from a state institution when he was convicted on federal charges and sentenced to a federal prison. We held in *Pugh* that 'where the new sentence is in a federal penal institution, the latter [federal] must be served first.'"). However, this state law was not violated in the instant case because Petitioner did, in fact, serve his federal sentence first before he started to serve his backtime. The mere lodging of a detainer by the Board did not cause Petitioner to begin to serve his backtime on the Pennsylvania 1994 state sentence from which he was paroled. Nevertheless, Petitioner does appear to argue under Ground One that 61 P.S. § 331.21(a)(a) was in fact violated here. This argument is patently inaccurate and the Court rejects the contention. Hence, Ground One affords Petitioner no relief.

However, even if the Court were to assume for the sake of argument that somehow 61 P.S. § 331.21 were violated under the facts of this case, such would not justify the grant of any federal habeas relief. This is because Petitioner must demonstrate the violation of federal law and not just a violation of state law. Here, he has failed to demonstrate the violation of any federal law. Nor as stated above, does a mere violation of state law mean that federal law was also violated. See, e.g., Snowden v. Hughes, 321 U.S. 1, 11-12 (1944)("It was not intended by the Fourteenth Amendment and the Civil Rights Acts that all matters formerly within the exclusive cognizance of the states should become matters of national concern. A construction of the equal protection clause which would find a violation of federal right in every departure by state officers from state law is not to be favored."); Tauro v. Pennsylvania Dept. of Public Welfare, 206 Fed.Appx. 152, 154 (3d Cir. 2006)("mere violation of a state law does not result in a due process violation. Even if the county solicitor was acting contrary to Pennsylvania law when collecting the child support arrears owed to DPW, that action alone would not violate the
7

Due Process Clause.")(citation omitted); D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1376 (3d Cir. 1992) ("Thus, '[i]llegality under the state statute can neither add to nor subtract from [the] constitutional validity [of a state's actions].'")(quoting, Archie v. City of Racine, 847 F.2d 1211, 1216 (7th Cir. 1988))(some internal quotations omitted). Hence, Petitioner's Ground One affords him no relief.

Turning next to Ground Two, Petitioner appears to be arguing, at base, that he was denied GCT credit against his federal sentence due to the lodging of the Board's detainer. Petitioner does not indicate how much GCT he allegedly was denied.

This issue is meritless because the record affirmatively demonstrates that Petitioner was provided with all of the GCT credit he was entitled to under federal law for his sentence. See Dkt. [6-3] at 22. The record indicates that Petitioner received 106 days of GCT. Id. This is all he was entitled to under the law. See, e.g., 18 U.S.C. § 3624(b).[1] See also 28 C.F.R. § 523.20.[2]

---

[1] 18 U.S.C. § 3624(b) provides:

(b) Credit toward service of sentence for satisfactory behavior.--

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a

8

For each full year of sentence actually served, Petitioner was entitled to 54 days of GCT. Assuming, inter alia, he did not receive any disciplinary sanctions in the form of loss of GCT credits, Petitioner would have been entitled to receive 54 days for the first full year he served, i.e., 12 of the 27 months that is from 11/9/04 (essentially, the effective date of his sentence because he was entitled to pre-trial credit from this date onward to the date of his conviction on the federal charges) until 11/9/05 (completion of the first full year). Then he was entitled to

---

        year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

        (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

(footnote omitted).

[2] Pursuant to its statutory authority to promulgate rules implementing Congressional statutes, the BOP promulgated 28 C.F.R. § 523.20 which provides as follows:

    c. For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award
        (1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
        (2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

The BOP also promulgated BOP Program Statement 5884.03 (date promulgated 3/31/06; date effective 12/5/2005) which essentially provides the same method of calculating as provided in 28 C.F.R. §523.20. This Program Statement is available at

    http://www.bop.gov/DataSource/execute/dsPolicyLoc

    The Supreme Court has described BOP Program Statements as "internal agency guidelines" that, unlike BOP regulations, are not subject to "the rigors of the Administrative Procedure Act." Reno v. Koray, 515 U.S. 50, 61 (1995).

GCT from 11/10/05 until 10/26/06 which would be 11 months (i.e., from 11/10/05 to 10/10/06) and 16 days (i.e., from 10/10/06 to 10/26/06). For the 11 months he would have received 49.5 days of GCT or 50 days rounded up (i.e., 11/12 x 54 = 49.5). For the 16 days from 10/10/06 to 10/26/06, he would have been entitled to 2.368 credits of GCT or 2 days rounded down.[3] So adding up all of the GCT credits, we would get 54 + 50 + 2 = 106, which is the exact amount of GCT Petitioner received. Dkt. [6-3] at 22. Hence, the Board's action in lodging of the detainer had absolutely no affect on Petitioner's receipt of GCT. At the very least, Petitioner has utterly failed to demonstrate that the lodging of the detainer had any effect. Hence, Ground Two affords Petitioner no relief.

*Certificate of Appealability*

A certificate of appealability (COA) should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Petitioner has failed to make any showing of a denial of a constitutional right yet alone a substantial showing. Accordingly, no COA should issue.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the

---

[3] This 2.368 days is the result of giving Petitioner credit for time actually served between October 10, 2006 to October 26, 2006, which the court takes to be 16 days, and multiplying that 16 days by 0.148, the amount of GCT earned per day on a pro rated basis, which results in 2.368 days of GCT. The multiplier .148 is arrived at by dividing 54 (the number of credits earned per year) by the number of days in a year, 365, which means that per day, a prisoner earns .148 GCT credits. See, e.g., Kikumura v. Hood, 467 F.3d 1257, 1259 (10th Cir. 2006).

date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                */s/ Amy Reynolds Hay*
                United States Magistrate Judge

Dated: 31 January, 2008

cc:    The Honorable Joy Flowers Conti
       United States District Judge

       Tracy Kelly
       CN-0777
       SCI Somerset
       1590 Walters Mill Road
       Somerset, PA 15510-0001

       All Counsel of Record via CM-ECF